C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DONNELL JONES,                                              :
                                                            :   MEMORANDUM DECISION
                          Plaintiff,                        :   AND ORDER
                                                            :
            - against –                                     :   18-cv-3871 (BMC) (SLT)
                                                            :
                                                            :
DETECTIVE CHRIS YAZZO,                                      :
                                                            :
                          Defendant.                        :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brings this action under 42 U.S.C. § 1983 for false arrest and excessive force. There was probable cause for his arrest but there are issues of fact as to whether defendant used excessive force. Defendant's motion for summary judgment is therefore granted in part and denied in part.

## BACKGROUND

The following facts are taken from defendant's Local Rule 56.1 Statement, which is supported by evidence in the record, and which plaintiff has failed to oppose. See Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000).

At about 10:30 p.m. one night, plaintiff was driving in Jamaica, Queens, in an area that he knew was a meeting point for prostitutes and their customers. According to plaintiff, he saw a woman on a street corner that he thought was his "cousin," so he pulled over to where she was standing. A conversation ensued between them, and, surprise, it was not plaintiff's cousin, but an undercover police officer posing as a prostitute. The undercover officer reported to defendant, Det. Chris Yazzo, that plaintiff had offered her $20 in exchange for a sex act. Det.

Yazzo arrested plaintiff for patronizing a prostitute and took him to the 103rd Precinct in Queens.

At the time of this arrest, the 114th Precinct in Queens had an I-card out for plaintiff from an incident about eight months earlier. Specifically, plaintiff's former girlfriend had complained that plaintiff had violated an order of protection by calling her continuously and entering her apartment. He was therefore also arrested for violating the order of protection.

When Det. Yazzo asked plaintiff to remove his belt and shoelaces at the precinct, plaintiff said he could not, and began to complain of pervasive pains and spasms throughout his body, for which he requested medical attention. Plaintiff advised Det. Yazzo that the pains were due to an automobile accident the day before. Based on his complaints, he was transported by ambulance to Queens General Hospital and given painkillers. He was then returned to police custody at about 6:00 a.m. and placed in a holding cell.

Plaintiff claims that he was assaulted while in the holding cell. He alleges that four officers and Det. Yazzo punched him more than twenty times, at least five of which were to his head, and that he was kicked in his back, knees, ribs, and rectum between ten and twenty times over a five or six minute period. He claims that he sustained severe bruising throughout his body, a "protruding ribcage," and rectal pain.

Following his arraignment and release that same morning, plaintiff reported to North Shore Hospital complaining of rib and rectal pain. In his conversations with the medical staff, he did not report any beating specifically by the police but attributed the pain to (1) his car accident; and (2) "someone" having assaulted him.

The medical records from this visit are unremarkable – no head injuries and a full range of body motion, no cuts, bruising, or abrasions, no rib cage anomaly. The records further show

that plaintiff had a steady gait and drove himself to and from the hospital. The examination showed no injuries except chronic rectal pain, for which the hospital gave him more pain killers. Photographs taken of plaintiff at this point are consistent with the record of the examination, showing no bruising or other injuries.

Plaintiff accepted an adjournment in contemplation of dismissal as to the prostitution charge about six months later.

## DISCUSSION

### I.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Id.

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). "Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment." Zdziebloski v. Town of E. Greenbush, 336 F. Supp. 2d 194, 201 (N.D.N.Y. 2004) (citing Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)). In determining whether genuine issues of material fact exist, I am required to "resolve all ambiguities and draw all permissible factual inferences in favor of the

3

party against whom summary judgment is sought." Patterson v. Cty. of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). In deciding a summary judgment motion, "the court cannot properly make credibility determinations or weigh the evidence." Soto v. Gaudett, 862 F.3d 148, 157 (2d Cir. 2017).

## II.

In analyzing a § 1983 claim for false arrest, courts look to the law of the state in which the arrest occurred. Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006). "Under New York law, the existence of probable cause is an absolute defense to a false arrest claim." Id. at 152; see also Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002). An officer has probable cause to arrest when he has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

The Supreme Court has held that the proper analysis on a false arrest claim is "whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." Jaegly, 439 F.3d at 153 (citing Devenpeck v. Alford, 543 U.S. 146, 153 (2004)). Even when probable cause is based on mistaken information, it can still exist so long as the arresting officer acted reasonably and in good faith in relying on that information. Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989).

Patronizing a prostitute under New York law is defined as soliciting or requesting another person to engage in sexual conduct in return for a fee. N.Y. PENAL LAW § 230.02(1)(c).

Agreement is not required for an arrest for patronizing a prostitute. See United States v. Bland, 384 F. App'x 22, 24 (2d Cir. 2010).

Applying these principles here, there was double probable cause for Det. Yazzo to arrest plaintiff. First, Det. Yazzo was told by his undercover colleague that plaintiff had offered her $20 for a sex act in an area that plaintiff, by his own admission, knew was an area used by prostitutes to solicit customers. See Cordero v. City of New York, 282 F. Supp. 3d 549, 561 (E.D.N.Y. 2017) ("The fellow officer rule, also known as the collective knowledge doctrine, allows one officer to make an arrest based on an instruction or information passed from one officer to another." (citing United States v. Hensley, 469 U.S. 221, 233 (1985); Martinez v. Simonetti, 202 F.3d 625, 635 (2d Cir. 2000))). Second, Det. Yazzo had probable cause – a complaint filed by petitioner's former girlfriend – to arrest him for violating an order of protection. Other than disputing the complainants' versions of the events, which Det. Yazzo did not have to believe, see Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997), plaintiff has identified no circumstances that would or should have caused Det. Yazzo to question the information supporting plaintiff's arrest. The false arrest claim is therefore dismissed.[1]

### III.

It is axiomatic that the gratuitous use of force to "punish" an arrestee violates the Fourth and Fourteenth Amendments. See Jones v. Treubig, 963 F.3d 214, 226 (2d Cir. 2020); Edrei v. Maguire, 892 F.3d 525, 533 (2d Cir. 2018). Drawing inferences favorable to plaintiff, as I am

---

[1] It is not clear if plaintiff intended to assert a malicious prosecution claim under 42 U.S.C. § 1983. In any event, such a claim could not succeed because an adjournment in contemplation of dismissal is not a "favorable termination" of criminal proceedings for purposes of a malicious prosecution claim. See Fulton v. Robinson, 289 F.3d 188, 196 (2d Cir. 2002).

required to do on a summary judgment motion, plaintiff's submission in opposition to the motion sets forth a series of facts that allow no other inference than a gratuitous beating.

Defendant attempts to avoid a factual issue by pointing to the absence of any corroborating evidence to support plaintiff's version of the events beyond his own self-serving statements. As part of this, he notes plaintiff's admission of injuries from a car accident the day before his arrest, suggesting that this would account for any soreness that plaintiff had over the next few days. In addition, he relies on the medical records of plaintiff's hospital visits. Those fail to even hint at the kind of injuries one might expect from a beating as severe as plaintiff describes (indeed, they disclose no injuries). In light of this circumstantial evidence, defendant argues that no reasonable jury could believe plaintiff's version of the events. Defendant cites a number of district court cases that have not allowed excessive force cases to proceed either because there was no corroborating evidence of the alleged use of force, or because the injuries were so minimal that they effectively contradicted plaintiff's version, or both. See, e.g., Jeffreys v. City of New York, 426 F.3d 549, 555 (2d Cir. 2005); Davis v. Klein, No. 11-CV-4868, 2013 WL 5780475, at *4 (E.D.N.Y. Oct. 25, 2013); Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 470 (S.D.N.Y. 1998) (Sotomayor, J.).

I am tempted to follow these cases for purely practical reasons. The excessive force cases brought by *pro se* plaintiffs that I have tried have not come close to convincing a jury, and, indeed, have not been an effective use of the jury's and my time. Often, police officers or their employer are compelled to settle these cases rather than proceed to trial because the resources required to try them greatly exceed the comparatively modest recoveries that *pro se* plaintiffs usually seek. This, in turn, encourages any arrestee to claim that he was subjected to excessive

force. If summary judgment is unavailable to weed out meritless excessive force cases, the Second Circuit and district courts within it have not come up with a procedure that does.

But because there is yet no such procedure or standard, I am compelled to deny defendant's motion. To grant it would mean that in the rare case when a police officer physically abuses an arrestee in a way that leaves no physical marks and then dissembles about it, the arrestee would lack a remedy under § 1983. That scenario may be rare, but it is hardly impossible. If one starts with the most basic proposition that credibility cannot be weighed on a motion for summary judgment, then I cannot find a special exemption from that principle for bruise-less excessive force cases. A lot of the work district courts do is to filter what turn out to be meritless cases through an array of protective procedures to make sure that the rare meritorious case does not slip through with no remedy, and it just may be that excessive force cases will usually require the full array of those procedures, *i.e.*, a trial, to prevent that from happening.

I will also note that this case seems a particularly poor candidate to push the summary judgment envelope. Plaintiff's opposition to the motion alludes to the "disposition," by which I assume he means "deposition," of Baca Holmes and Bryce Hilton, who he describes as "witnesses [who] stated that plaintiff had been attacked in a holding cell."[2] Plaintiff also asserts that "defendant in his [deposition] claim[ed] at first, he did not remember the incident then came around to acknowledge[] that an incident happened yet the injuries [were] *de minimis*." It is not surprising that, as a *pro se* litigant, plaintiff did not submit transcripts or other evidence to support these characterizations. I might have disregarded them for that reason had defendant addressed them and submitted any relevant evidence that shows plaintiff is wrong. But

---

[2] Plaintiff is cautioned that at trial, he is not going to be allowed to use hearsay like this. A *pro se* litigant is bound by the rules of evidence just like anyone else.

7

defendant chose not to submit any reply in support of his motion, which gives me additional concern as to whether this excessive force claim is appropriate for summary judgment.

## CONCLUSION

Defendant's motion for summary judgment is granted as to the false arrest claim and denied as to the excessive force claim.[3]

**SO ORDERED.**

                                                                         U.S.D.J.

Dated: Brooklyn, New York
        August 24, 2020

---

[3] In his opposition to the summary judgment motion, plaintiff refers to recent New York legislation that, under some circumstances, allows the disclosure of police officers' disciplinary history, see N.Y. State Senate Bill S8496 (June 6, 2020), and asks to reopen discovery so that he can obtain that information. Any request for additional discovery must be directed to Magistrate Judge Tiscione.