C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DONNELL JONES,

                       Plaintiff,

        - against –

DETECTIVE CHRIS YAZZO,

                    Defendant.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

18-cv-3871 (BMC) (SLT)

**COGAN**, District Judge.

    Plaintiff *pro se* moves the Court to appoint counsel to assist him with the trial of this action. His claim arises under 42 U.S.C. § 1983 for excessive force. He states that he has overcome many procedural hurdles to reach this stage of the case *pro se* but "does not have the experiences or the wherewithal to [try] a case."

    "[C]ourts should not grant such applications indiscriminately" because there are far more *pro se* cases than there are attorneys to represent the litigants. See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). In deciding whether to request a volunteer attorney for a civil case, I must first determine the "likelihood of merit" of the underlying dispute. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). "Only after an initial finding that a claim is likely one of substance," do I "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." Id. A plaintiff requesting appointment of counsel must also

generally show that he is unable to obtain counsel on his own before appointment will be considered.  See Justice v. Kuhnapfel, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013).

An indigent's claim is likely one of substance if it has merit and "appears to have some chance of success."  See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  Plaintiff points to his success in surviving summary judgment to argue for appointment of counsel.

Surviving summary judgment alone is not enough for a claim to be of substance.  As the Second Circuit has explained, "[i]f mere bald assertions by an indigent, which technically put a fact in issue and suffice to avert summary judgment, required appointment of an attorney under § 1915(d), the demand for such representation could be overwhelming."  Cooper, 877 F.2d at 172 (quoting Hodge, 802 F.2d at 60).  The indigent seeking a free lawyer must first "pass the test of likely merit," not merely demonstrate an issue of fact.  See id. at 183.

Plaintiff claims that he was assaulted by multiple police officers while in a holding cell and that he sustained severe bruising throughout his body and a protruding ribcage, among other injuries.  His medical records from an examination shortly after the alleged attack show no injuries.  I declined to grant summary judgment because plaintiff states that he was assaulted, and I cannot weigh his credibility on summary judgment.

But plaintiff's claim has serious problems.  He asserts that he suffered a multi-person assault causing severe injuries, but that is belied by the subsequent medical examination that was unremarkable. At trial, plaintiff will have the burden to prove his case.  The jury will be entitled to make the credibility determinations that I could not on summary judgment.  Plaintiff's testimony was sufficient to create an issue of fact but is not sufficient to warrant the appointment of counsel.

The secondary factors also do not support appointing counsel in this case. First, plaintiff has not shown that he has made any attempt to obtain counsel. Even if plaintiff cannot afford to pay counsel upfront, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings." Cooper, 877 F.2d at 173. Thus, a plaintiff must generally demonstrate some effort to obtain counsel and that those efforts were unsuccessful. See Justice, 982 F. Supp. 2d at 235. Moreover, there are so many lawyers handling these cases on a contingent basis that if plaintiff cannot find one, it may be some indication that the legal services market has evaluated his claim and found its value does not warrant the expenditure of attorneys' time that it would require.

Second, plaintiff brings a § 1983 claim for excessive force that is neither legally nor factually complex. The claim involves a single incident. Plaintiff claims that defendant and other police officers assaulted him in a holding cell. Defendant claims that is not true. If plaintiff can convince the jury that the assault occurred as he says it did then he will have proven his claim because punching a detainee more than twenty times over a five- or six-minute period clearly constitutes the gratuitous use of force.

Third, plaintiff's ability to navigate the legal minefield to try his case is sufficient. He has already overcome the procedural barriers to his § 1983 claim and now simply needs to convince a jury that the assault occurred as he claims. This trial will not require the presentation of complicated evidence. Plaintiff will present his own testimony and that of any witnesses to the alleged assault and may cross-examine the witnesses for the defense. The medical records are straightforward and their accuracy uncontested. The trial will come down to eyewitness

testimony and credibility determinations, presenting little risk that that plaintiff will be unduly impeded by the legal system's procedural hurdles.

I can identify no other reason why the appointment of counsel would more probably lead to a just resolution of this case. His motion is therefore denied.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       October 22, 2020